UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES,

    Plaintiff,

    v.              NO. 15-cr-10008-LTS

R. DAVID COHEN,

    Defendant

## ORDER ON EXCLUDABLE DELAY

KELLEY, M.J.

Defendant was arraigned today, January 30, 2015. The indictment was returned on January 13, 2015. The parties agreed to exclude the time between January 13 and January 30. At the arraignment, the case was scheduled for March 9, 2015 for an initial status conference. The parties agreed to exclude the time between January 30 and March 9, 2015.

I find that the interests of justice in this case, *i.e.*, to allow the defendant time to receive discovery, review discovery, and confer with his client, outweigh the best interests of the public and defendant for a trial within seventy days of the date of the defendant's initial appearance.

Accordingly, it is hereby ORDERED that, pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A), the Clerk of this Court enter excludable time for the period from January 13, 2015,

up to and including March 9, 2015.[1]

                                      /s/ M. Page Kelley
                                      M. PAGE KELLEY
                                      United States Magistrate Judge

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).