# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 1:15-CR-10008-LTS** |
| | ) | |
| **R. DAVID COHEN,** | ) | |
| **Defendant** | ) | |

## JOINT MOTION FOR ENDS-OF-JUSTICE CONTINUANCE, ANDEXCLUSION OF TIME, UNDER THE SPEEDY TRIAL ACT

The United States of America, by and through Assistant United States Attorney S. Theodore Merritt, and the defendant through undersigned counsel, respectfully move this Court to grant a continuance of the time within which the trial of the charged offense(s) must commence, and exclude the time period from May 12, 2015 through and including May 28, 2015, from the speedy trial clock, pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv) and Sections 5(b)(7)(A), 5(b)(7)(B) and 5(b)(7)(C)(iv) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts (effective December 2008) on the ground that the ends of justice served by granting the requested continuance and excluding these periods outweigh the best interests of the public and the defendant in a speedy trial. The parties further ask this Court to issue the attached proposed *Order of Continuance and Excludable Delay*. In support of this request, the parties state as follows:

1.     The defendant has been charged in a superseding indictment returned on May 5, 2015.  An interim status conference was previously scheduled for May 12, 2015 and then changed to May 13, 2015.  New counsel for the defendant has just filed an appearance and has just started to review the discovery which he has obtained from previous counsel.  The government will also be providing additional, although limited, new discovery as a result of the superseding indictment.  New counsel also had a scheduling conflict for May 13, 2015, the date on which the arraignment on the superseding indictment was scheduled.  A mutually agreeable date of May 28, 2015 has been scheduled for the arraignment and status conference.

2.     The parties ask the Court to enter an order excluding from the speedy trial computation the period from the date of the status conference of May 12, 2015 to May 28, 2015.  The parties jointly agree that this period constitutes "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," and that the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial pursuant to the Speedy Trial Act, Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv) and Sections 5(b)(7)(A), 5(b)(7)(B) and 5(b)(7)(C)(iv) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts A proposed order is attached.

Respectfully submitted,

R.DAVID COHEN                              CARMEN M. ORTIZ
By his attorney,                              United States Attorney


 _/s /James B. Krasnoo_                      By: _/s/ S. Theodore Merritt_
JAMES B. KRASNOO                              S. Theodore Merritt
Attorney for the Defendant                    Assistant U.S. Attorney

2

## **Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.


By:  */s/S. Theodore Merritt*
S. Theodore Merritt
Assistant U.S. Attorney

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No.  1:15-CR-10008-LTS** |
| | ) | |
| **R. DAVID COHEN,** | ) | |
| **Defendant** | ) | |

## ORDER OF CONTINUANCE AND EXCLUDABLE DELAY

### May 12, 2015

M. PAGE KELLEY,  M.J

Upon consideration of the parties' joint motion seeking a continuance and an order of excludable delay, the Court finds as follows:

1.     The defendant has been charged in a superseding indictment returned on May 5, 2015.  An interim status conference was previously scheduled for May 12, 2015 and then changed to May 13, 2015.  New counsel for the defendant has just filed an appearance and has just started to review the discovery which he has obtained from previous counsel.  The government will also be providing additional, although limited, new discovery as a result of the superseding indictment.  New counsel also had a scheduling conflict for May 13, 2015, the date on which the arraignment on the superseding indictment was scheduled.  A mutually agreeable date of May 28, 2015 has been scheduled for the arraignment and status conference.

2.     A continuance of this proceeding from the date of the status conference scheduled May 12, 2015 through and including May 28, 2015 is necessary to accommodate counsel's ability to appear for arraignment and to have sufficient time to review discovery, investigate the evidence, consider whether to file pretrial motions, and then to prepare any such pretrial motions.

I find, given the specific circumstances in this case, that this continuance constitutes] "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," 18 U.S.C. §3161(h)(7)(B)(iv) and Section 5(B)(7)(c)(iv) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts.

      3.      The ends of justice served by granting the requested continuance, and excluding the

time period from May 12, 2015 through and including May 28, 2015 from the speedy trial clock, outweigh the best interests of the public and the defendant in a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(A) and Section 5(b)(7)(C)(iv) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts.

Accordingly, the Court hereby grants the parties' joint motion and **ORDERS** that, pursuant to the Speedy Trial Act, 18 U.S.C. §§3161(h)(7)(A) and 3161(h)(7)(B)(iv) and Sections 5(b)(7)(A), 5(b)(7)(B) and 5(b)(7)(C)(iv) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts (1) the date on which the trial must commence is continued; and (2) the period from May 12, 2015 through and including May 28, 2015 is excluded from the speedy trial clock and from the time within which the trial of the offenses charged in the indictment must commence.[1]

_____
**M. PAGE KELLEY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services,* 848 F.2d 271, 275 (1st Cir. 1988), *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986), *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980), *United States v. Vega*, 678 F.3d 376, 378-379 (1st Cir. 1982), *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140, 142 (1985).